IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LISA R. WRIGHTEN,                          §
                                           §
          *Plaintiff*,                     §
                                           §
v.                                         §   Case No. 2:24-cv-00264-RSP
                                           §
OLD LINCO LLC, CHARLIE R.                  §
OLIVER,                                    §
                                           §
          *Defendants*.                    §
                                           §

## MEMORANDUM ORDER

Before the Court are the Parties' Cross Motions for Summary Judgment. **Dkt. Nos. 11 and 33[1]**. In the Motions, the Parties request that the Court resolve the above-captioned Fair Housing Act ("FHA") suit. Having considered the Motion, and for the reasons discussed below, the Motions are hereby **DENIED**.

## I.    BACKGROUND

In her third amended complaint, Plaintiff Lisa Wrighten alleges a pattern of behavior by her landlords, Defendants Old Linco LLC and Charlie Oliver, amounting to disability discrimination under the FHA (42 U.S.C. §§ 3601-3619), due to her service animal:

- In June 2022, Plaintiff acquired a service dog, Bella. Dkt. No. 22 at 5; *See also* Dkt. No. 33, Ex. 1 (photo of Bella).

- In July 2022, Plaintiff renewed her lease. Defendants accepted Plaintiff's Section 8 vouchers. Defendants do not dispute this. Dkt. No. 22 at 5

- In August, September, and November 2022, Defendants brought three unsuccessful eviction actions against Plaintiff in state court. *Id.*

---

[1] Dkt. No. 16 is styled as a "Motion to Deny Summary Judgment," but it is actually just an opposition to Defendants' motion for summary judgment (Dkt. No. 11).

1

- Plaintiff provides an August 2022 accommodation support letter from a medical professional, addressing her need for a service animal. The letter notes that the listed conditions "may limit one or more major life activities." Dkt. No. 33, Ex. 2.

- Plaintiff alleges that in retaliation, Defendants failed to repair her home, which left Plaintiff without heat from November 2022-March 2023. *Id.*

Plaintiff seeks $100,000 in "actual and punitive damages for emotional distress, moving costs, emotional support animal distress, mental anguish," and $10,000 attorney's fees. Dkt. No. 22 at 5.

Defendants counterclaim, and seek $5,000 in damages, and $2,500 in attorney's fees, due to damages to the leased unit, and because "This case brought by Lisa Wrighten should be considered a frivolous lawsuit." Dkt. No. 11 at 1.

## II.    **LEGAL STANDARD**

### A.    **Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not

defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### B.      Compulsory Counterclaims

Federal Rule 13(a)(1)(A) considers a counterclaim compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13. Any counterclaim not compulsory is permissive. *Id.*

### C.      Fair Housing Act

42 U.S.C. § 3604(f)(1) prohibits discrimination by a rental landlord because "of a handicap of" the "renter."  (FHA). § 3613(f)(3) defines discrimination as "a refusal to permit, at the expense of the handicapped person, **reasonable modifications** of existing premises occupied or to be occupied by such person if such modifications may **be necessary to afford such person full**

**enjoyment of the premises**," so long as the tenant can "restore" any modifications to the unit. (emphasis added). Limited exceptions, such as single-family homes, or small apartment buildings, exist, however the statute specifically includes government-subsidized units. *See* 42 U.S.C. §§ 3603(a- b).

A reasonable accommodation claim under the FHA generally requires demonstration of several factors: "(1) he or an associate of his is handicapped within the meaning of § 3602(h) and the defendant knew or should have known of this fact; (2) an accommodation may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (3) such accommodation is reasonable; and (4) the defendant refused to make the requested accommodation." *Coots v. Tankersley*, 2021 WL 3617841, at *5 (E.D. Tex. June 25, 2021), *report and recommendation adopted*, 2021 WL 3088006 (E.D. Tex. July 22, 2021).

Finally, 42 U.S.C. § 3613(c)(1-2) permits the prevailing party to recover "actual and punitive damages" and attorney's fees in a civil action under § 3613(a).

### III.    ANALYSIS

#### A.    Defendants' Counterclaims

Defendants' counterclaims do not arise out of the same transaction or occurrence as the instant suit. While both parties' claims arise out of Plaintiff's occupancy of the unit at issue, Plaintiff's claims arise out of an alleged civil rights violation by Defendants, whereas Defendants' claims seek damages for "unpaid rent" and fire damage. While these causes may be related in the context of the already litigated state-court eviction suits, the same does not hold in this civil rights suit. Therefore, Defendant's counterclaims are not compulsory.

4

Regardless of whether Defendants' counterclaims are compulsory or permissive, Defendants have provided no summary judgment evidence to support their counterclaims. Therefore, the Court **DENIES** Defendant Motion for Summary Judgment.  (Dkt. No. 11).

### B.    Fair Housing Act

Defendants do not dispute the FHA's applicability to their unit. Regardless, the Court is of the opinion that a genuine dispute of material fact exists arising out of the second requirement, that "an accommodation may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling." In her Motion, Plaintiff attaches an accommodation support letter, that prescribed an emotional support animal to Plaintiff. Dkt. No. 33, Ex. 2. This letter, however, is not self-authenticating and does not address whether Plaintiff's emotional support animal, Bella, is necessary to provide Plaintiff an "equal opportunity to use and enjoy the dwelling." Because Plaintiff has proffered no further evidence to connect Bella to Plaintiff's use of the dwelling, and because Defendant's Motion has provided no evidence at all, summary judgment is not proper. Therefore, Plaintiff's Motion for Summary Judgment (Dkt. No. 33) is **DENIED**.

## IV.    <u>CONCLUSION</u>

For the reasons discussed above, both motions for Summary Judgment are denied.

 **SIGNED this 6th day of March, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

5